UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LEONCE DESTIN,
Plaintiff,

v.

AMERICAN AIRLINES, INC.
Defendant.

DOCKET NO:

04 10126 PBS

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AMERICAN AIRLINES, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

This is an action for personal injuries aboard an international flight on or about November 20, 2000. As plaintiff's claim arises out of an incident pertaining to an international flight between the United States and Haiti, any claims, no matter who called or couched, are governed exclusively by the Convention for the Unification of Certain Rules Relating to International Transportation by Air ("Warsaw Convention").[1] Accordingly, and as set forth below, the Warsaw Convention bars plaintiff's claim set forth in the Complaint. Indeed, no recovery or claim is available as any claim is time barred under the Convention.

### BACKGROUND

This action was originally filed on November 19, 2003. See Superior Court Docket Sheet (**Exhibit A** attached to accompanying motion). Although not yet served, American subsequently removed this action to this court pursuant to both diversity and federal question jurisdiction. In his complaint, the plaintiff alleges the following:

---

[1] "The Convention for the Unification of Certain rules Relating to International Transportation by Air, October, 12, 1999," 49 Stat. 3000, J.S. No. 876, 137 L.N.T.S. 11, reprinted in 49 U.S.C. § 40105 (2000) (hereinafter "Warsaw Convention").

920357v1

- In, November, 2000, the plaintiff contracted with the Defendant to transport him from Miami, Florida to Port Au Prince, Haiti on the defendant's flight 1291, taking place on November 20, 2000, by purchasing a ticket in the Commonwealth of Massachusetts. Part of this contract included a promise on the part of the defendant, that the defendant, barring an action of nature or of a third person, would provide the plaintiff with a safe trip from Miami to Port Au Prince, including safe disembarkation of that plane.

- Due to an emergency landing on the defendant's airplane, it became necessary for the flight to return to Miami International Airport at which time an emergency evacuation of its airplane took place.

- During the emergency evacuation of the airplane, the defendant suffered an injury to his right knee.

- As a direct and proximate result of the breach of this contract by the defendant, the plaintiff was caused to sustain serve injuries and was caused great pain of body and mind, and has been caused to incur great expenses for said injuries.

See **Exhibit B** attached to accompanying motion. As set forth below, plaintiff's claim of "breach of contract" is barred by the Warsaw Convention as the Convention provides the exclusive means of any relief for incident during international flight. Further, no claim can be made under the Convention as it would be barred by the two year time period for bringing suit set forth in Article 29 of the Convention. The complaint fails to state a claim upon which relief can be granted and American is entitled to judgment as a matter of law.

## ARGUMENT

### i. The Standard

Rule 12(b)(6) mandates the dismissal of a complaint if it fails to state a claim upon which relief can be granted. All "well-pleaded facts" are accepted as true, with all "reasonable" inferences drawn in favor of the non-moving party. Coyne v. City of Somerville, 972 F. 2d 440, 442-43 (1st Cir. 1992); Washington Legal Fund v.

2

Massachusetts Bar Foundation, 993 F. 2d 962, 971 (1st Cir. 1993); Gooley v. Mobil Oil, 851 F. 2d 513, 514-15 (1st Cir. 1988). The Rule 12(b)(6) hurdle while tame, is real and that absent a cognizable legal theory supported by facts, or if otherwise barred as a matter of law, a defendant should not be "drag[ged] past the pleading threshold." Gooley, 851 F. 2d 514-515.

### ii. Plaintiff's Action Is Preempted And Barred Under The Warsaw Convention

The Warsaw Convention is a comprehensive international treaty governing liability in "all international transportation of persons, baggage or goods." 49 U.S.C. §40105, Article 1(1). Where transportation is "international," as defined in Article 1(2), the Warsaw Convention applies and governs any claim for damages. The Warsaw Convention, in turn, sets out an array of liability rules pertaining to personal injuries (Article 17), baggage or goods loss, damage, or destruction (Article 18) and damage occasioned by delay (Article 19). The two preeminent goals and purposes of the Convention were to establish uniformity as to liability and limit the liability of air carriers. El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 169-70 (1999); In re: Air Disaster at Lockerbie, Scotland, 928 F.2d 1267, 1270 (2nd Cir. 1991); see also Langadinos v. American Airlines, Inc., 199 F.3d 70, n.2 (1st Cir. 2000); Choukroun v. American Airlines, Inc., Memorandum and Order August 2, 2000 (Gertner, J.) (D. Mass. 2000) (attached as **Exhibit C** to accompanying motion).

The Supreme Court has recently held that the Warsaw Convention is the exclusive remedy for claims stemming from international flight. El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng, 525 U.S. 155, 169-70 (1999). In Tseng, a passenger was prevented from boarding an international flight and instead taken aside and subjected to an intrusive

security search at John F. Kennedy International Airport in New York. As a result of the search, the plaintiff asserted claims under state tort law. On appeal, the Second Circuit held that the incident was not an "accident" under Article 17 of the Convention but that the plaintiff could resort to state law as an independent remedy. Tseng v. El Al Israel Airlines, Inc., Ltd., 122 F.3d 99 (2nd Cir. 1997). The Supreme Court subsequently reversed the Second Circuit's holding that the Convention provides for an exclusive remedy preempting state law, even where the claimant fails to make out an element of liability under the Convention. "Recovery for a personal injury [or death] suffered on board [an] aircraft or in the course of any of the operations of embarking or disembarking if not available under the Convention, is not available at all." Tseng, 525 U.S. at 161. In so holding, the High Court resolved a split among the Circuits over the issue of whether the Warsaw Convention preempts state law.

In finding the Convention to be exclusive, the Supreme Court stated that the primary purpose behind the Convention was to limit a carrier's liability and "to achieve uniformity of rules governing claims arising from international air transportation." 119 S. Ct. at 671-72. The Court noted that to allow parties to pursue claims under local state law when the Convention does not permit recovery would expose carriers to unlimited liability under diverse legal regimens and "encourage artful pleading by plaintiffs seeking to opt out of the Convention's liability scheme when local law promised recovery in excess of that prescribed by the treaty." Id. at 673. This, in turn, was found to "scarcely advance the predictability that adherence to the treaty has achieved worldwide." Id. "[T]he existence of state causes of action would not only result in the consistent application of law to the same accident, but also would cause enormous confusion for

airlines in predicting the law upon which they would be called to respond." Lockerbie, 928 F.2d at 1276.

The exclusivity of the Warsaw Convention is further established by the amendment to Article 24 contained in Montreal Protocol No. 4.[2]  Montreal Protocol No. 4 was ratified by the United States on September 28, 1998 and amends Article 24 to read, in relevant part:  "In the carriage of passengers and baggage, <u>any action for damages, however founded, can only be brought subject to the conditions and limits set out in this Convention</u>."  The amendment, on its face, is all encompassing and clearly establishes the broad preemptive force of the Warsaw Convention over any state based claims, "<u>however founded</u>" arising out of international travel.

Here, there can be no dispute that the Warsaw Convention applies and that, under Tseng and Montreal Protocol No. 4, it provides the <u>exclusive</u> means to any potential relief.  The Warsaw Convention is applicable to international transportation between the territories of two High Contracting Parties or a round-trip from one Contracting Party with a stop-over or "agreed stopping place" in another country.[3]  Although Haiti is not a

---

[2] Montreal Protocol No. 4 was an amendment to the original Convention that was introduced in 1975.  It was adopted by the United States in 1998, effective March 4, 1999.  See 144 Cong. Rec. 511059 (Sept. 28, 1998); Tseng, 119 S. Ct. at 674, n.14.

[3]   (1)   This Convention shall apply to all international transportation of persons, baggage or goods performed by aircraft for hire.  It shall apply equally to gratuitous transportation by aircraft performed by an air transportation enterprise.

   (2)   For the purposes of this Convention the expression "international transportation" shall mean any transportation in which, according to the contract made by the parties, the place of departure and the place of destination, whether or not there be a break in the transportation or a transshipment are situated either within the territories of two High Contracting Parties, or within the territory of a single High Contracting Party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate or authority of another Power, even though that Power is not a party to this Convention, Transportation without such an agreed stopping place between territories subject to the sovereignty, suzerainty, mandate or authority of the same High Contracting Party shall not be deemed to be international for the purposes of this Convention.

High Contracting Party, the United State is. As the trip involved a round trip to and from the United States with a stop-over in Haiti, the Convention clearly applies. See, e.g., Glen v. Compania Cubawa de Avcion, 112 F.Supp. 631 (D.C. Fla. 1952) (Florida-Cuba-Florida "international" carriage even though Cuba is not a High Contracting Party).

As clearly set forth in the complaint, plaintiff seeks recovery for personal injuries he claims to have sustained during an "emergency" evacuation of the flight. This clearly falls within the gambit of Article 17[4] governing claims for injury occurring during transportation in the process of embarkation or disembarkation. The fact that plaintiff couches his claim as "breach of contract" is of no moment as the claim seeks to recovery personal injuries arising out of the alleged onboard and/or disembarkation incident. See, e.g., Obuzor v. Sabena Belgian World Airlines, 1999 W.L. 223162 (S.D.N.Y. 1999) (state breach of contract claim preempted by Warsaw); Lockerbie, 928 F.2d 1267, 1273-74 (2nd Cir. 1991) (same); Perralta v. Continental Airlines, Inc., 1999 W.L. 193393 (N.D. Cal. 1999) (same); Donkor v. British Airways Corp., 62 F.Supp. 2d 963, 967-68 (1992) (same); see also Hinds v. Phillippine Airlines, Inc., 1979 U.S. Dist. LEXIS 10638 at 9 (S.D.N.Y. Aug. 2, 1979) (Warsaw applies to claims arising from evacuation from plane);

---

(3)   Transportation to be performed by several successive air carriers shall be deemed, for the purposes of this Convention, to be one undivided transportation, if it has been regarded by the parties as a single operation, whether it has been agreed upon under the form of a single contract or of a series of contracts, and it shall not lose its international character merely because one contract or a series of contracts is to be performed entirely within a territory subject to the sovereignty, suzerainty, mandate or authority of the same High Contracting Party.

[4] Article 17 provides as follows:

**Injury to Passenger**

The carrier is liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

Mathias v. Pan-Am World Airways, Inc., 53 F.R.D. 447, 48-49 (S.D. Pa. 1971) (Warsaw applies to claims arising out of harsh landings); Weaver V. Delta Airlines, Inc., 56 F. Supp. 2d 1190, 1191-1192 (D. Mont. 1999) (same).

It is clear that plaintiff's claim is preempted by the Warsaw Convention which provides the exclusive means of relief. Plaintiff, however, cannot recover under the Convention as his claim is time-barred.

Article 29 of the Convention provides as follows:

> (1) The right to damages shall be extinguished if an action is not brought within two years, reckoned from the date of arrival at the destination or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped.
>
> (2) The method of calculating the period of limitation shall be determined by the law of the Court which the case is submitted.

Article 29 is strictly construed to ensure uniformity and to be consistent with the goals and purposes of the Convention.

Here, not only is plaintiff's claim preempted by the Warsaw Convention but he cannot recover under the Convention because any claim would be time-barred. It is alleged the incident took place on November 20, 2000, and it is undisputed that plaintiff did not file this action until November 19, 2003. The two-year time period expired well before plaintiff's filing and bars any claim.

920357v1

## CONCLUSION

Based on the foregoing, American Airline, Inc.'s Motion to Dismiss must be **ALLOWED**.

Respectfully Submitted,
The Defendant,
AMERICAN AIRLINES, INC.,
By their attorneys,

MORRISON, MAHONEY & MILLER

Tory A. Weigand, BBO #548553
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: January 20, 2004

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on 1/20/04

Tory A. Weigand