## Commonwealth of Massachusetts
### SUFFOLK SUPERIOR COURT
### Case Summary
### Civil Docket

## SUCV2003-05499
### Destin v American Airlines Inc

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 11/19/2003 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 01/21/2004 | **Session** | E - Civil E | | |
| **Origin** | 1 | **Case Type** | A01 - Services, labor, materials | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 02/17/2004 | **Answer** | 04/17/2004 | **Rule12/19/20** | 04/17/2004 |
| **Rule 15** | 04/17/2004 | **Discovery** | 09/14/2004 | **Rule 56** | 10/14/2004 |
| **Final PTC** | 11/13/2004 | **Disposition** | 01/12/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Leonce Destin
Active 11/19/2003

**Private Counsel 549531**
Michael F Swartz
225 Friend Street
Boston, MA 02114
Phone: 617-523-3300
Fax:
Active 11/19/2003 Notify

**Defendant**
American Airlines Inc
Service pending 11/19/2003

**Private Counsel 548553**
Tory A Weigand
Morrison Mahoney & Miller
250 Summer Street
Boston, MA 02210-1181
Phone: 617-439-7500
Fax: 617-439-7590
Active 01/21/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 11/19/2003 | 1.0 | Complaint & Jury demand |
| 11/19/2003 | | Origin 1, Type A01, Track F. |
| 11/19/2003 | 2.0 | Civil action cover sheet filed |
| 01/21/2004 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. American Airlines, Inc. U. S. Dist.#(04-10126PBS). |
| 01/21/2004 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

I HEREBY ATTEST AND CERTIFY ON
JAN. 23, 2004, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.



MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

ASSISTANT CLERK.



Suffolk Sup COPY Civ # 03-5499E

04 10126

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEONCE DESTIN, <br> Plaintiff, <br><br> v. <br><br> AMERICAN AIRLINES, INC. <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |



### NOTICE OF REMOVAL

The defendant, American Airlines, Inc., hereby petitions this Court that the above-entitled action, now pending against it in the Suffolk Superior Court, Civil Action No. SUCV2003-05499, be removed therefrom to this Court on the basis of federal question and diversity jurisdiction. 28 U.S.C. §§ 1331 and 1332. In support of this notice, the defendant states as follows:

1. On November 19, 2003, plaintiff filed its complaint but has not yet effected service.

2. The defendant, American Airlines, Inc., at the commencement of this suit, was and has since continued to be a Delaware corporation having its principal place of business in Fort Worth, Texas.

3. According to the allegations of the complaint, the plaintiff is an individual residing in Mattapan, Suffolk County, Massachusetts.

4. According to the allegations in the complaint, on or about November 20, 2000, the plaintiff was a passenger on an international flight operated by the defendant which was traveling from Miami to Port Au Prince, Haiti.

915944v1

5.  This is a civil action in which the plaintiff claims negligence and seeks damages for physical pain and injury occurring during or as part of the international transportation.

6.  This action is governed by the Convention for the Unification of Certain Rules Relating to International Transportation by Air (the Warsaw Convention), because the plaintiff is alleging that the defendant air carrier caused him to suffer personal injury while traveling on an international flight. 49 Stat. 3000, 876 U.N.T.S. 11 (1934), reprinted in 49 U.S.C. app. §40105 (1988).

7.  Accordingly, the jurisdiction of this action is governed by 28 U.S.C. § 1331, which holds that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8.  Further, the parties to this action are diverse. American Airlines is either a Texas or Delaware citizen while plaintiff is a citizen of Massachusetts. Accordingly, there exists diversity jurisdiction under 18 U.S.C. § 1332(a)(2).

9.  Within thirty (30) days of the filing of this Notice of Removal, the defendant shall file certified or attested copies of all records and proceedings in the Suffolk Superior Court, and a certified or attested

copy of all docket entries in the Suffolk Superior Court pursuant to L.R. 81.8 of this Court.

I HEREBY ATTEST AND CERTIFY ON JAN. 23, 2004 THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY _____
ASSISTANT CLERK.

Respectfully Submitted,
The Defendant,
AMERICAN AIRLINES, INC.,
By their attorneys,

MORRISON, MAHONEY & MILLER

_____
Tory A. Weigand, BBO #548553
250 Summer Street
Boston, MA 02210-1181
(617) 439-7500

Dated: January __, 2004

3

915944v1

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                              SUPERIOR COURT
                                                                          CIVIL ACTION NO: 2003-5499

LEONCE DESTIN,                     )
        Plaintiff,                 )
                                   )
v.                                 )
                                   )
AMERICAN AIRLINES, INC.            )
        Defendant.                 )
                                   )

### NOTICE OF FILING OF NOTICE OF REMOVAL
### TO THE UNITED STATES DISTRICT COURT

TO THE CLERK FOR THE SUFFOLK COUNTY SUPERIOR COURT

Please take notice that on January 20, 2004, the above-captioned action has been removed to the United States District Court for the District of Massachusetts, pursuant to Title 28, United States Code §§ 1441 and 1446. A certified copy of said Notice of Removal is attached hereto, in accordance with Title 28, United States Code § 1446(d).

                                        The Defendant,
                                        AMERICAN AIRLINES, INC.
                                        By its attorneys,

                                        MORRISON, MAHONEY & MILLER

                                        _____
                                        Tory A. Weigand, BBO #548553
                                        250 Summer Street
                                        Boston, MA 02210-1181
                                        (617) 439-7500

I hereby certify that a true copy of the
above document was served upon the attorney
of record for each party by mail on  1/20/04

_____
Tory A. Weigand

921666v1

**COMMONWEALTH OF MASSACHUSETTS**

SUFFOLK, SS                                SUPERIOR COURT DEPARTMENT
                                           CIVIL ACTION #:
                                                              03-5499 E

LEONCE DESTIN,
        Plaintiff

v.                                         **COMPLAINT**

**AMERICAN AIRLINES, INC.,**
        Defendant

1. The Plaintiff, Leonce Destin, is an individual who, at all times relevant to this matter, resided in Mattapan, Suffolk County, Massachusetts.

2. The Defendant, American Airlines, is a corporation doing business within the Commonwealth of Massachusetts.

3. In November, 2000, the Plaintiff contracted with the Defendant to transport him from Miami, Florida to Port Au Prince, Haiti on the Defendant's flight 1291, taking place on November 20, 2000 by purchasing a ticket in the Commonwealth of Massachusetts. Part of this contract included a promise on the part of the Defendant, that the Defendant, barring an act of nature or of a third person, would provide the Plaintiff with a safe trip from Miami to Port Au Prince, including safe disembarkation of the airplane.

4. Due to an emergency on the Defendant's airplane, it became necessary for the flight to return to Miami International Airport at which time an emergency evacuation of its airplane took place.

5. During the emergency evacuation of the airplane, the Defendant suffered an injury to his right knee.

6.   As a direct and proximate result of the breach of this contract by the Defendant, the Plaintiff was caused to sustain severe injuries and was caused great pain of body and mind, and has been caused to incur great expenses for said injuries.

WHEREFORE, the Plaintiff demands judgment against the Defendant in an amount deemed appropriate by this Court, plus interest and costs of this action.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES.

I HEREBY ATTEST AND CERTIFY ON JAN. 23, 2004, THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

The Plaintiff
by his attorney,

_____
Michael Swartz, Esq.
225 Friend Street
5th Floor
Boston, MA 02114
(617) 523-3300
BBO #: 549531

Dated: November 19, 2003

-2-

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 03-5490 E | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|
| PLAINTIFF(S) Leonce Destin | | DEFENDANT(S) American Airlines, Inc. |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Michael Swartz, Esq. 225 Friend St 5th Floor Boston, MA 02114 Board of Bar Overseers number: 549531 | | ATTORNEY (if known) |

**Origin code and track designation**

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.: A01
TYPE OF ACTION (specify): Contract-Secures labor + material
TRACK: (F)
IS THIS A JURY CASE? (✓) Yes   ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ... $
  2. Total Doctor expenses ... $
  3. Total chiropractic expenses ... $
  4. Total physical therapy expenses ... $
  5. Total other expenses (describe) ... $
  Subtotal $
B. Documented lost wages and compensation to date ... $
C. Documented property damages to date ... $
D. Reasonably anticipated future medical and hospital expenses ... $
E. Reasonably anticipated lost wages ... $
F. Other documented items of damages (describe)
  $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

  $
  TOTAL $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
The Defendant breached its contract by failing to provide safe transportation to the plaintiff as required by the contract between the parties
TOTAL $ 30,000.00

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 11/19/03

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

[Stamp:] SUFFOLK SUPERIOR COURT CIVIL CLERK'S OFFICE 2003 NOV 19 P 12:54 MICHAEL JOSEPH DONOVAN CLERK/MAGISTRATE

I HEREBY ATTEST AND CERTIFY ON
JAN. 23, 2004
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.