UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LEONCE DESTIN,
    Plaintiff

v.                                    DOCKET NO: 04-10126-PBS

AMERICAN AIRLINES, INC.,
    Defendant

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**FACTS**

In October, 2000, the Plaintiff contracted with the Defendant to transport him from Miami, Florida to Port Au Prince, Haiti on the Defendant's flight 1291, taking place on November 20, 2000 by purchasing a ticket in the Commonwealth of Massachusetts. Part of this contract included a promise on the part of the Defendant, that the Defendant, barring an act of nature or of a third person, would provide the Plaintiff with a safe trip from Miami to Port Au Prince, including safe disembarkation of the airplane. Due to an emergency on the Defendant's airplane, it became necessary for the flight to return to Miami International Airport at which time an emergency evacuation of its airplane took place. During the emergency evacuation of the airplane, the Defendant suffered an injury to his right knee. The Plaintiff filed his Complaint on November 19, 2003 in Suffolk Superior Court and the Defendant removed it to this Court.

**ARGUMENT**

**1. The Defendant has the duty to prove that the Plaintiff's complaint fails to state a claim upon which relief can be granted.**

In order for a Motion for Dismissal under Rule 12(b)(6) to stand, the Defendant has the burden of proving that the Plaintiff's Complaint fails to state a claim upon which relief can be granted. In its effort to prove this, the Defendant relies on one central argument; that the Plaintiff's action is governed by the Unification of Certain Rules relating to International Transportation by Air (hereinafter referred to as "Warsaw Convention") and is thereby barred by its two-year Statute of Limitations. However, the Defendant has failed to prove one vital element to its argument and therefore, there is a question of law as to whether or not the Plaintiff's Complaint is controlled by the Warsaw Convention.

**II. The Defendant has failed to prove that the Plaintiff had notice that his claim would be governed by the Warsaw Convention.**

Article 3, section (1)(e) of the Warsaw Convention states, in part, that "For the transportation of passengers the carrier must deliver a passenger ticket which shall contain the following particulars: . . .(e) A statement that the transportation is subject to the rules relating to liability established by this convention," (hereinafter referred to as the "Warsaw Statement"). While it is not disputed that the Plaintiff received a ticket from the Defendant for transportation on November 20, 2000 on American Airlines Flight #1291 from Miami, Florida to Port Au Prince,

Haiti, it can not be disputed that on that date the Plaintiff surrendered that ticket to the Defendant's agents in order to board the airplane. The Defendant is currently in control of that ticket. The Defendant has not provided any evidence that the Plaintiff's ticket, or any other documents it provided to the Plaintiff, contained any information stating that any claim made by the Plaintiff would be governed by the Warsaw Convention.

If, as the Defendant asserts, the Plaintiff's claim is governed by the provisions of the Warsaw Convention as the basis for its Motion to Dismiss, then the Defendant must be bound by all conditions contained therein. The Defendant can not choose certain provisions in the Warsaw Convention and ignore others. Here, there is no proof that the Defendant has met the provisions of Article 3, Section (1)(e). Since it has not proven that it adhered to its responsibility under the Warsaw Convention, it would be unfair to allow it to use the protections provided to carriers thereunder as a defense to Plaintiff's Complaint.

### III. Even if the Defendant did provide a statement to the Plaintiff that his transportation was governed by the Warsaw Convention, those warnings were not sufficient.

In <u>Wallis v. Princess Cruises, Inc.</u>, 306 F. 3d 827 (9th Cir. 2002) the Court applied a two-pronged test to determine if a contract for international transportation on a cruise ship reasonably alerted passengers of the limitations and requirements contained therein. The Court noted the decision in <u>Shankles v. Costa Armatori, S.P.A.</u>, 722 F. 2d 861 (1st Cir. 1983) which stated that "The proper test of reasonable notice is an analysis of the

overall circumstances on a case-by-case basis, with an examination not only of the ticket itself, but also of any extrinsic factors indicating the passenger's ability to become meaningfully informed of the contractual terms at stake."  In <u>Wallis</u> the Court first examined the physical characteristics of the ticket itself, including the location of the necessary information and the size of the typeface in which it is printed.  If the Defendant were to provide the Plaintiff's ticket or other proof that it supplied the Plaintiff with a statement that his transportation was subject to the terms of the Warsaw Convention, it would be necessary that this statement was conspicuous enough for the Plaintiff to have seen them.  In addition, it must be considered that the Plaintiff, who was born in Haiti, speaks English only as a second language. If the documents provided to the Plaintiff contained a Warsaw Statement only in English, then there is a question as to whether or not it was sufficiently clear for the Plaintiff to understand.

As the <u>Wallis</u> Court noted, "The second prong of the reasonable communicativeness test requires us to evaluate 'the circumstances surrounding the passenger's purchase and subsequent retention of the ticket/contract."  <u>Wallis</u> quoting <u>Shankles</u>, 722 F. 2d 861 at 865.  "The Court stressed the importance of "the passenger's ability to become meaningfully informed," <u>Wallis</u>, quoting <u>Shankles</u>, 722 F. 2d at 866.  In holding that the ticket purchased by Wallis, which stated that liability for damages on the Princess Cruise was governed by the Athens Convention Relating to Carriage of Passengers and Their Luggage by Sea, failed the

second prong of the reasonable communicativeness test, the Court stated that "it is unrealistic to assume the average passenger with no legal background would even attempt to analyze the conditions under which the Athens Convention would or would not apply. We are persuaded that the average passenger has little incentive to invest sufficient effort to approximate the value of what she would be led to regard . . as only a potentially binding term of the Passage Contract." Wallis at 837. The Wallis Court noted that the Cruise Line could not limit its liability based solely on the language in the ticket it sold to the passenger, stating that the ticket "without providing an approximate monetary limitation does not meaningfully inform a passenger of liability limitation, and is therefore unenforceable," Wallis, 840.

The language in the contract in Wallis is analogous to what one would expect would exist in the average airline ticket for international flight. Under the holding of Wallis, it would be unfair to expect the Plaintiff to review the Warsaw Statement if it were provided to him, let alone to understand it and the ramifications contained therein. Any warnings given to the Plaintiff in the Warsaw Statement given to him without providing an approximate limitation of time in which to bring his claim and would not meaningfully inform a him of liability limitation, and are therefore unenforceable. Unless the limitations of the Warsaw Convention, specifically the time within which a plaintiff must file a cause of action, are clearly enunciated in the Warsaw Statement, the Defendant should not be

able to rely on the Warsaw Convention to avoid liability. It would certainly not be excessively burdensome to require the Defendant, in the section of its Warsaw Statement dealing with limitations on claims to include words to the effect of "The Warsaw Convention limits the time you have to file a claim or Complaint for damages against the carrier to two years from the date of the incident.

The Ninth Circuit has held that "cruise passenger tickets are contracts of adhesion, and as such, ambiguities in them must be construed against the carrier," Chan v. Society Expeditions, Inc., 123 F. 3d. 1287, 1292 (9th Cir. 1997). Several cruise ship cases have required a passenger ticket to require specific warnings about limitations for claims. "A passenger can not be charged with legal notice of a reduced period of limitation where the carrier fails to take reasonable steps to inform her of them," Muratore v. M/S Scotia Prince, 845 F. 2d 347, 352. In Boyles v. Cunard Line Limited, 1994 American Maritime Cases 1631, (S.D.N.Y. 1994) the Court held that the warnings contained in a passenger ticket were valid, however, that ticket clearly stated the time limit for filing a lawsuit was one year from the date of injury. In order for a Warsaw Statement to be unambiguous, any limitations to a plaintiff's recovery must be delineated, specifically the limits as to how long a plaintiff has to file an action resulting from an accident on an international flight. The Defendant has provided no proof that it provided to the Plaintiff any documents specifically stating the amount of time he had to file his action. If the Defendant did in fact provide a Warsaw Statement to the

Plaintiff, and that statement did not specify any time limits to the Plaintiff, then it fails the second prong of the reasonable communicativeness test in Wallis and therefore can not be held as a bar to the Plaintiff's Complaint.

### IV. The Warsaw Statement is an adhesion contract and therefore the Plaintiff should not be bound by its limitations.

The Second Circuit Court held that "A contract of adhesion is a contract formed as a 'product of a gross inequality of bargaining power' between parties. . . Typical contracts of adhesion are standard-form contracts offered by large, economically powerful corporations to unrepresented, uneducated, and needy individuals on a take it-or-leave-it basis, with no opportunity to change the contract's terms," Klos v. Polske Linie Lotnicze, 133 F. 3d. 164, (2nd Cir. 1997) quoting Aviall, Inc. v. Ryder Systems., Inc. 913 F. Supp 826, 831 (S.D.N.Y. 1996). That definition clearly describes what would be expected to be found in a Warsaw Statement. Unlike in Klos, the Plaintiff here had virtually no choice of transportation. It is impossible to drive or take a train from the United States to Haiti and, even if a passenger ship were available to take the Plaintiff from the United States to Haiti, the time necessary to make the trip by ship would have exhausted the time he had to make his trip. The Plaintiff had virtually no choice but to take an international flight. Either he had to rely on international air travel to transport him to Haiti or he could not make the trip. The Plaintiff, whose command of the English language is far from

-7-

perfect and who is certainly not educated on the intricacies of the Warsaw Convention, was therefore bound by the terms of the contract offered by the Defendant, which would clearly fit the Klos Court's description as a large, economically powerful corporation. Therefore any Warsaw Statement given to the Plaintiff constituted an adhesion contract and therefore, the limitations contained therein are invalid.

While the Warsaw Convention may indeed be the exclusive remedy for claims resulting from incidents occurring on international flights, it would be unfair to the Plaintiff to limit his opportunity to recover for his damages unless the language provided by a Warsaw Statement specifically stated the amount of time he had to file his action.

### V. Whether or not the Plaintiff's claim is governed by the Warsaw Convention, his claim for Breach of Contract is still a claim upon which relief can be granted.

Some jurisdictions disagree with the cases which have held that the Warsaw Convention completely preempts state law. The Court in DeEstenssoro v. American Jet. S.A., 944 F. Supp 813, 816 (1996) was "inclined to follow the Ninth Circuit dicta asserting that the causes of action created by the Warsaw Convention are not exclusive. . .(Rather) the Warsaw Convention simply limits the recovery available under state law," DeEstenssoro v. American Jet. S.A., 944 F. Supp 813, 816 (1996).

In addition, the Defendant has not cited any area of the Warsaw Convention or any case law regarding claims for injuries while in the course of international travel, which bar claims for

breach of contract. The four cases which the Defendant claims state that breach of contract claims are preempted by the Warsaw Convention are either not on point with this case (Perralta v. Continental Airlines, Inc., 1999 W.L. 193393 (N.D. Cal. 1999), and Obuzor, 1999 W.L. 223162 (S.D.N.Y. 1999) do not deal claims relating to physical injuries) or do not specifically address the issue of breach of contract, (Air Disaster at Lockerbie, Scotland v. Pan American World Airways, Inc. 928 F.2d 1267 (1991) and Donkor v. British Airways Corp., 62 F.Supp 2d 963 (1999)). Here, the Defendant breached its contractual duty to the Plaintiff to provide him with a safe trip from Miami to Port Au Prince, including safe disembarkation of the airplane.

WHEREFORE, the Plaintiff requests that this Honorable Court deny the Defendant's Motion to Dismiss for Failure to State a Claim and order that this case proceed.

Respectfully submitted,
the Plaintiff by his attorney

Michael Swartz, Esq.
225 Friend Street
5th Floor
Boston, MA 02114
(617) 523-3300
BBO #: 549531

Dated: April 1, 2004

**CERTIFICATE OF SERVICE**

I, Michael Swartz, Esq. hereby certify that on this day I caused a copy of the Plaintiff's Response to Defendant's Motion to Dismiss for Failure to State a Claim and Plaintiff's Memorandum of Law in Support of His Response to Defendant's Motion to Dismiss for Failure to State a Claim, through counsel, hand delivered to:

>  Tory A. Weigand
>  Morrison, Mahoney and Miller
>  250 Summer Street
>  Boston, MA  02210-1181

_____
Michael Swartz, Esq.


Dated:  April 1, 2004