UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LEONCE DESTIN,<br>　　　Plaintiff, | )<br>)<br>)<br>) |  |
| v. | )<br>) | DOCKET NO: 04-10126 PBS |
| AMERICAN AIRLINES, INC.<br>　　　Defendant. | )<br>)<br>)<br>) |  |

**DEFENDANT AMERICAN AIRLINES, INC.'S REPLY
<u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>**

Plaintiff, Leonce Destin, in his opposition to the defendant American Airlines, Inc.'s ("American") Motion to Dismiss makes four separate arguments in an effort to excuse his untimely filing of his complaint: (a) that the defendant did not prove that the plaintiff had notice that the Warsaw Convention applied; (b) that even assuming such notice was provided the "warnings were not sufficient; (c) the Warsaw Convention is an adhesion contract; and (d) that the Warsaw Convention does not preempt plaintiff's breach of contract claim. Each contention fails as a matter of law.

　　**a.　Neither The Non-Receipt Nor Inadequacy Of A Ticket
　　　　Precludes The Application Of The Convention's
　　　　<u>Two-Year Condition Precedent To Filing Suit</u>**

Article 3 of the Warsaw Convention provides as follows:

> (1) For the carriage of passengers, the carrier must deliver a passenger ticket which shall contain the following particulars:
>
> 　(a) the place and date of issue;
> 　(b) the place of departure and of destination;
> 　(c) the agreed stopping places, provided that the carrier may reserve the right to alter the stopping places in case of necessity and that, if he exercises that right,

> the alteration shall not have the effect of depriving the carriage of its international character;
> (d) the name and address of the carrier or carriers;
> (e) a statement that the carriage is subject to the rules relating to liability established by this Convention.
>
> (2) The absence, irregularity or loss of the passenger ticket does not affect the existence or the validity of the contract of carriage, which shall none the less be subject to the rules of this Convention. Nevertheless, if the carrier accepts a passenger without a passenger ticket having been delivered, he shall not be entitled to avail himself of those provisions of this Convention which exclude or limit his liability.

As Article 3(2) makes clear, neither the absence, irregularity or loss of the airline ticket precludes the application of the Convention. The only limitation is that if a ticket is not delivered the defendant cannot avail itself of those provisions that either "exclude or limit … liability."[1] Article 29 does not exclude or limit liability under Article 3. Even where it is alleged that the carrier engaged in willful misconduct courts have held that the two year filing requirement under Article 29 applies. See e.g., Choukroun v. American Airlines, Inc., Memorandum and Order August 2, 2000 (Gertner, J). **(Exhibit B)** to American's initial memorandum of law on file with the court; Stone v. Mexicana Airlines, 610 F.2d 699 (10th Cir. 1979); Bergman v. Pan Am, 299 N.Y.S. 2d 982 (App. Civ. 1968) (carrier can claim untimeliness of suit under Article 29 even where it is guilty of willful misconduct); Bapes v. Trans World Airlines, Inc., 209 F. Supp. 380 (N.D. Ill. 1962); Yanovsky v. Air France, 1999 U.S. App. LEXIS 8218 (2d Cir. 1999); Asher v. United Airlines, 70 F. Supp. 2d 614, 619-620 (D. Md. 1999); Scott v. American Airlines,

---

[1] The "excludes and limit liability" has been held to apply to four (4) provisions of the Convention: The monetary limitation damages of Article 22; the "all necessary measures" defense of Article 20; the contributory negligence defense of Article 21 and the written notice to carrier for loss of passengers luggage under Article 26. See, e.g., Sofranski. v. KLM, 326 N.Y.S. 2d 870 (N.Y. Cir. Ct. 1971).

929730v1

187 F. Supp. 2d 557 (D. Md. 2002) (allegation of willful misconduct does not prevent application of Article 29's two-year filing requirement).  Not surprisingly, "[i]t is well established … that 'all the cases teach the exclude or limit liability' language was aimed at familiar provisions of Article 22, not at Article 29(1) and its limitations provision." (emphasis added).  Balbani Impex Ltd. v. Malaysian Airline System Berhad, 1994 U.S. Dist. LEXIS 5934 (S.D.N.Y. 1994) quoting Magnus Electronics, Inc. v. Royal Bank of Canada, 611 F.Supp. 436, 443 (N.D. Ill. 1985); Molitch v. Irish International Airlines, 436 F.2d 42, 44 (2d Cir. 1970) (Article 29 is not a provision which excludes or limits liability); Bergman, 299 N.Y.S. 2d at 983 (Article 29 is not a limitation liability under Convention); see also Adjoyi v. Federal Air, 137 F. Supp. 2d 498, 500-501 (S.D.N.Y. 2001) (Convention applies – including Article 29 – even for unticketed, non-fare paying passengers); Miceli v. MGM Grand Air, 59 Cal. Rptr. 2d 311 (Ct. App. 1996) (same); Kadir v. Singapore Airlines, Inc., 1999 U.S. Dist. LEXIS 6131 (N.D. Ill. 1999); Tantes v. Yugoslav Airlines, 436 F. Supp. 242 (D.C.N.Y. 1975); Bapes v. TWA, 209 F. Supp. 380 (D.C. Ill. 1962).

     Indeed, the Supreme Court of the United States has held that nothing in Article 3 or elsewhere in the Convention imposes a sanction for failure to comply with Article 3(1). Chan v. Korean Airlines, Inc., 490 U.S. 122, 109 S. Ct. 1676 (1989).  In Chan, the Court held that Article 3 of the Warsaw Convention does not eliminate the monetary limitation or damages for passenger injury as a sanction for failure to provide adequate notice on a ticket.  Id.  In so holding, the Court stated that "the only sanction in Article 3 appears in the second clause of Article 3(2) which subjects a carrier to unlimited [monetary] liability if it accepts a passenger without a passenger ticket having been

3

delivered. Id. at 128.  The Court left intact the well-established fact that neither non-delivery of a ticket nor a faulty or inadequate notice in a ticket precludes the application of the Convention including the two-year condition precedent to suit set forth in Article 29.  See generally, Fishman v. Delta Airlines, Inc., 132 F.3d 138, 143 (2d Cir. 1998) ("time limitation in Article 29 is best termed a condition precedent to suit" not subject to tolling).

Judge Gertner recently followed this unanimous case law and also rejected the very same argument being made by the plaintiff here.  Choukroun see **Exh. B** to American's initial Memorandum of Law on file with the court.  There, as here, plaintiff argued that the defendant carrier had not demonstrated that a proper ticket had been delivered.  Id. at 9-10.  Judge Gertner rejected the contention holding that "a carrier's failure to deliver a passenger ticket does not bring passenger claims outside the scope of the convention … [and that] [t]he only sanction imposed by Article 3 for failure to deliver a ticket is the lifting of otherwise applicable liability caps." Id. at 10 citing Chan, 490 U.S. at 127; Hermano, 1999 WL 1269187, at 3, n.3; see also Tantes, 436 F. Supp. 242; Bapes, 209 F. Supp. 380; see also, Adjoyi v. Federal Air, 137 F. Supp. 2d. 498, 500-501 (S.D.N.Y. 2001) (even unticketed, non-fare paying travelers are covered by Convention); Kadir v. Singapore Airlines, Inc., 1999 U.S. Dist. LEXIS 6131 (N.D. Ill. 1999) (Convention language in Article 9 regarding airway bill and which excludes or limits liability for failure to deliver an airway bill does not apply to or invalidate Article 29).

Accordingly, even assuming the non-delivery of a ticket or even assuming that the ticket did not comply with Article 3(1) or provide adequate warnings that the Convention

4

929730v1

applied, the applicable sanction is the loss to the carrier of the liability monetary limits. The Convention's express terms make clear that it otherwise applies, including the two-year filing requirement. Here, it remains undisputed that plaintiff's complaint was untimely and barred by Article 29.[2]

Plaintiff's reliance on Wallis v. Princess Cruises, Inc., 306 F.3d 827 (9th Cir. 2002) is entirely inapplicable. The issue in Wallis involved federal maritime law not the Warsaw Convention. In Wallis, the Ninth Circuit held that the defendant cruise ship could not invoke the monetary damage cap under the "Convention relating to the Carriage of Passengers and Their Luggage at Sea" of 176 ("Athens Convention") for a wrongful death claim as the contract clause on the cruise ticket did not reasonably communicate a liability limitation. Not only did the court in Wallis make clear that it was addressing the issue as a matter of federal maritime law but it also made clear that, unlike the Warsaw Convention, the Athens Convention was not ratified by the United States and thus not a treaty with the force of law like the Warsaw Convention. Wallis, 306 F.3d at 839 ("unlike the Warsaw Convention, the Athens Convention has never been ratified by the United States. Therefore, unlike the Warsaw Convention, the Athens Convention carries no force of law on its own") (emphasis added).[3] The Warsaw Convention is a binding treaty representing the Supreme law of the land and is to be

---

[2] Notably, plaintiff does not argue he was not provided any ticket and, in fact, agrees he was provided a ticket. See opposition at p. 2 ("while it is undisputed that plaintiff received a ticket from [American] for transportation on November 20, 2000 … from Miami, Florida to Pot Au Prince, Haiti.")

[3] Notably, the issue in Wallis was whether the monetary damage cape was applicable. Here, what is at issue is the Convention's two year filing requirement. The applicability of the two-year filing requirement would have no influence on whether passenger would seek to fly. See Molitch, 436 F.2d at 44 ("extension of the requirement of notice to statute of limitations [under Warsaw] would be both meaningless and unjustified.") As to plaintiff's "adhesion" argument, the Warsaw Convention is a treaty not a contract. Accordingly, Article 29 is a condition precedent to suit required by a treaty which is the supreme law of the land. Further, there is no claim (nor could there be) by plaintiff that he was coerced or defrauded into traveling between the United States and Haiti with American.

5

applied according to its terms.  As the unanimous case law makes clear, neither non-delivery of a ticket nor an inadequate ticket relieves a claimant of the two-year filing requirement.

American is entitled to the dismissal of plaintiff's complaint as it is untimely as a matter of law.

      **b.**      **Plaintiff's Breach Of Contract Claim Is Clearly Preempted**

Plaintiff's final argument is that the Warsaw Convention does not preempt state law including his breach of contract claim.  Plaintiff relies on a 1996 District Court case out of the Ninth Circuit, <u>De Estensoro v. American Jet, S.A.</u>, 944 F. Supp. 813 (1996).

Plaintiff's assertion is simply wrong as a matter of law.  In January, 1999, the United States Supreme Court resolved the existing conflict between certain circuits (including the Ninth Circuit) as to the Warsaw Convention's exclusivity.  <u>See</u> <u>El Al Israel Airlines, Ltd. v. Tseng</u>, 525 U.S. 155 (1999).  As set forth in American's initial memorandum of law on file with the court, the Supreme Court made clear in <u>Tseng</u> that the Warsaw Convention is the exclusive remedy for claims stemming from international flight.  <u>Id</u>. at 665.  "Recovery for a personal injury suffered on board an aircraft or in the course of any of the operations of embarking or disembarking, if not allowed under the Convention, is not available at all."  <u>Langadinos v. American Airlines, Inc.</u>, 199 F.3d 68, 70 n.2 (1st Cir. 2000) quoting <u>Tseng</u>, 119 S. Ct. at 668.

The holding in <u>Tseng</u>, in turn, was reaffirmed in the amendment to Article 24 contained in Montreal Protocol No. 4.[4]  Montreal Protocol No. 4  was ratified by the

---

[4] Montreal Protocol No. 4 was an amendment to the original Convention that was introduced in 1975.  It was never adopted by the United States until 1998, effective March 4, 1999.  <u>See</u> 144 Cong. Rec. 511059 (Sept. 28, 1998); <u>Tseng</u>, 119 S. Ct. at 674, n. 14.

929730v1

United States on September 28, 1998 and amends Article 24 to read, in relevant part: "In the carriage of passengers and baggage, <u>any action for damages, however founded, can only be brought subject to the conditions and limits set out in this Convention</u>." The amendment, on its face, is all encompassing and clearly establishes the broad preemptive force of the Warsaw Convention over any state based claims, "<u>however founded</u>" arising out of international travel.

Plaintiff's breach of contract claim is clearly preempted and governed by the Warsaw Convention. The gravamen of plaintiff's claim is for physical injuries he allegedly sustained while disembarking the flight. <u>See</u> Complaint. This is clearly within the Convention's scope. <u>See</u> e.g., <u>Hinds v. Philippine Airlines, Inc.</u>, 1979 U.S. Dist. LEXIS 10638 at 9 (S.D.N.Y. Aug 2, 1979) (Warsaw applies to claims arising from evacuation of plane); <u>Mathias</u> 53 F.R.P. at 48-49 (Warsaw applies to claims arising out of harsh landings); <u>Weaver v. Delta Airlines, Inc.</u>, 56 F. Supp. 2d 1190, 1191-92 (D. Mont 1999) (same); <u>see also</u> <u>Choukroun</u>, <u>Exhibit B</u> to American's initial memorandum of law in support of motion to dismiss; <u>see also</u> <u>McCarthy v. Northwest Airlines</u>, 56 F.3d 313 (1st Cir. 19990 (Convention applies to all claims arising onboard or during process of embarking or disembarking); <u>King v. American Airlines, Inc.</u>, 284 F.3d 352 (2nd Cir. 2002) (passenger's state and federal rights discrimination claim preempted by Warsaw Convention and complaint was thus barred by two-year filing requirement under Article 29.

By couching his claim as a breach of contract action, plaintiff cannot escape the clear application of the Convention. <u>Tseng</u>, 525 U.S. at 673 (to allow parties to pursue state based claims when Convention does not permit recovery would impose carrier to

7

unlimited liability and "encourage artful pleading by plaintiffs seeking to opt out of the Convention's liability scheme even when local law promised recovery in excess of that prescribed by the treaty." Plaintiff's complaint must be dismissed as the Convention applies and as the complaint was untimely filed.

## CONCLUSION

Based on the foregoing, defendant, American Airlines, Inc., respectfully requests that its Motion to Dismiss be **ALLOWED**.

>Respectfully Submitted,
>The Defendant,
>AMERICAN AIRLINES, INC.,
>By their attorneys,
>
>MORRISON, MAHONEY & MILLER
>
>/s/ Tory A. Weigand
>_____
>Tory A. Weigand, BBO #548553
>250 Summer Street
>Boston, MA  02210-1181
>(617) 439-7500

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by facsimile on   **April 9, 2004**

/s/  Tory A. Weigand
_____
Tory A. Weigand

8

929730v1