UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LEONCE DESTIN,
    Plaintiff

v.                          DOCKET NO: 04-10126-PBS

AMERICAN AIRLINES, INC.,
    Defendant

**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS RESPONSE TO ITS MOTION TO DISMISS**

The primary issue in this case revolves around the Plaintiff's argument that even though the Defendant did provide documents to the Plaintiff indicating that his transportation was governed by the Warsaw Convention, the warnings contained therein were not sufficient.

**ARGUMENT**

**I.   Specific language stating that length of the Statute of Limitations contained in the Warsaw Convention should be included in the passenger ticket.**

Although the Defendant cites several cases in support of its argument that the warnings contained in the documents given to the Plaintiff were sufficient, only one case, Molitch v. Irish International Airlines, 436 F. 2d 42 (2nd Cir. 1970) is on point with the instant case. The Plaintiff contends, however, that the holding cited by Molitch in Lisi v. Alitalia-Linee Aeree Italiane, S.p.A, 370 F. 2d 508 (2d Cir. 1966), affirmed 390 U.S. 455, 88 S. Ct. 1193, 20 L. Ed. 2d 27 (1968) is equally relevant to this case, as the distinction made by the Molitch Court between its case and Lisi, is illogical.

In Lisi the Court held that the ticket given to a passenger must clearly outline the limits of liability contained in the

Warsaw Convention. It's reasoning, in agreeing in part with Mertens v. Flying Tiger Line, Inc., 341 F. 2d 851 (2nd Cir.), cert. denied, 382 U.S. 816, 15 L. Ed 2d 64, 86 S. Ct. 38 (1965), was that if a passenger knew of the substantial limits in an air carrier's liability, he would have the opportunity to act differently. "We read Article 3(2) to require that the TICKET BE DELIVERED TO THE PASSENGER IN SUCH A MANNER AS TO AFFORD HIM A REASONABLE OPPORTUNITY TO TAKE MEASURES TO PROTECT HIMSELF AGAINST THE LIMITATION OF LIABILITY," Lisi v. Alitalia-Linee Aeree Italiane, S.p.A, 370 F. 2d 508 (2d Cir. 1966), affirmed 390 U.S. 455, 88 S. Ct. 1193, 20 L. Ed. 2d 27 (1968) quoting Mertens v. Flying Tiger Line, Inc., 341 F. 2d 851 (2nd Cir.), cert. denied, 382 U.S. 816, 856-57, 15 L. Ed 2d 64, 86 S. Ct. 38 (1965). The Lisi Court looked at the unfair advantage an airline carrier had over its passengers. "The Convention's arbitrary limitations on liability -- which have been severely and repeatedly criticized -- are advantageous to the carrier. But the quid pro quo for this one-sided advantage is delivery to the passenger of a ticket and baggage check which give him notice that on the air trip he is about to take, the amount of recovery to him or his family in the event of a crash, is limited very substantially. Thus the passenger is given the opportunity to purchase additional flight insurance or to take such other steps for his self-protection as he sees fit," Lisi v. Alitalia-Linee Aeree Italiane, S.p.A, 370 F. 2d 508, 512 - 513 (2d Cir. 1966), affirmed 390 U.S. 455, 88 S. Ct. 1193, 20 L. Ed. 2d 27 (1968). The Defendant evidently does not dispute that liability limitations

must be clearly stated as the document given to the Plaintiff as part of his ticket clearly states the limits of a carrier's liability for both injury and loss of baggage, (a copy of this documents is attached hereto and marked as "Exhibit A").

In contrast, this document contains no statement as to the length of time the Plaintiff had to file a Complaint against the Defendant. The only reference to time limits for claims is contained near the back of the ticket book under NOTICE OF INCORPORATED TERMS, paragraph 3, which states, in very small print, the Warsaw Convention includes, "Claims restrictions, including time periods in which passengers must file a claim or bring an action against the air carrier." There is no language stating that the time period in which passengers must file a claim is two years or that it may be less than the time limits imposed by individual states. In this case, the Plaintiff, had he been advised by the language in his ticket that the Warsaw Convention stated that he had two years rather than three to file a Complaint against the Defendant, would have filed his complaint within two years after the date of his injury. He clearly has not been afforded the opportunity to act differently, as required under Lisi.

The Molitch Court, in its one paragraph analysis of this issue, refused to apply this reasoning to cases involving the Statute of Limitations, stating that "Notification of a two-year limit on bringing an action would have no such effect. A prospective passenger is unlikely to care about the length of the statute of limitations and it is difficult to conceive of any

protective measures that he might take prior to boarding the plane were he notified of the limitation," Molitch v. Irish International Airlines, 436 F. 2d 42, 43 (2nd Cir 1970). This logic is flawed. The passenger's ability to act differently, as required by Lisi is applicable in cases involving the Statute of Limitations. In fact it is quite conceivable that if proper language and notice regarding the Warsaw Convention's reduced Statute of Limitations, which is shorter than in many states, was contained in a passenger's ticket, the passenger would certainly act differently by filing his complaint within the time required by the Warsaw Convention rather than within the time limits allowed in a particular state. Molitch seems to be concerned with only what a passenger would do prior to his air travel to conform to the Warsaw Convention and ignores the remedies he should have subsequent to an accident occurring during his air travel.

The Defendant also relies on the holding in Chan v. Korean Airlines, Inc., 490 U.S. 122, 109 S.Ct 1676 (1989). However, while the Chan Court dealt with what is considered adequate notice, it dealt with that issue only in terms of whether a warning printed in eight-point typeface, rather than ten-point typeface as called for in the Montreal Agreement, gave a passenger proper notice. Clearly Chan did not hold that adequate notice of limitations was not required, merely that a two-point difference in the typeface in which that notice was printed, was not crucial to the question of whether or not adequate notice was given to a passenger. In fact the Court stated that "It may seem reasonable enough that a carrier 'shall not be entitled to avail himself of

those provisions of this convention which exclude or limit his liability' when the ticket defect consists precisely of a failure to give the passenger proper notice of those provisions," Chan v. Korean Airlines, Inc., 490 U.S. 122, 130, 109 S.Ct 1676, 1681-1682, (1989). What differentiates this case from Chan is that here, the Plaintiff contends not that notice was given in a typeface which did not conform to the requirements of the Warsaw Convention or the Montreal Agreement, but that the Defendant failed to give him proper notice of the length of the Statute of Limitations by completely excluding such information from his ticket.

## II. The Statement contained in the passenger's ticket makes it an adhesion contract and therefore the Plaintiff should not be bound by its limitations.

It is recognized that some jurisdictions interpret the Warsaw Convention strictly. But it should be noted that there is nothing in the Warsaw Convention which states specifically what language must be included under Article 3(e), which states that "A statement that the transportation is subject to the rules relating to liability established by this convention." Therefore it is left to the airline industry as to what language should be contained on the passenger ticket.

It is well settled that the Warsaw Convention was established, in part, to protect the airline industry which was then in its infancy. Clearly, the airline industry is no longer in its infancy. It is a multi-billion dollar business. While the protections provided to it by the Warsaw Convention are still necessary, in areas where it is not specific, protection should be

given to its passengers rather than to the air carriers. The Plaintiff reiterates the Second Circuit's definition of an adhesion contract, previously quoted in his Memorandum of Law in Support of His Response to Defendant's Motion to Dismiss, that "A contract of adhesion is a contract formed as a 'product of a gross inequality of bargaining power' between parties. . . Typical contracts of adhesion are standard-form contracts offered by large, economically powerful corporations to unrepresented, uneducated, and needy individuals on a take it-or-leave-it basis, with no opportunity to change the contract's terms," Klos v. Polske Linie Lotnicze, 133 F. 3d. 164, (2nd Cir. 1997) quoting Aviall, Inc. v. Ryder Systems., Inc. 913 F. Supp 826, 831 (S.D.N.Y. 1996). Air carriers have tremendous power over their passengers and enjoy significant protection from the Warsaw Convention. To allow them to hide behind that protection, at the expense of giving fair warnings to its passengers about limitations to their rights, is unfair to the "uneducated, and needy individuals . . .with no opportunity to change the contract's terms" which the Court in Klos specifically tried to protect would be extremely unfair.

### III. Even though maritime cases are not governed by the Warsaw Convention, the principles involved therein are applicable to this case.

The Courts have agreed with this principle in their analyses of maritime cases. While the Plaintiff does not dispute that the Warsaw Convention creates differences between rulings involving the airline industry and the cruise industry, this principle is significant in both areas. As stated in his Memorandum of Law in

Support of His Response to Defendant's Motion to Dismiss, the Plaintiff again calls the Court's attention to the requirements found in <u>Wallis v. Princess Cruises, Inc.</u>, 306 F. 3d 827 (9th Cir. 2002) regarding the passenger's ability to understand the terms of the contract he has with the carrier. Examination of the ticket including where warnings are located and the size of the typeface of these warnings is required to determine if the contract is fair to the passenger. Following what the Ninth Circuit stated about contracts of adhesion, "ambiguities in them must be construed against the carrier," <u>Chan v. Society Expeditions, Inc.</u>, 123 F. 3d. 1287, 1292 (9th Cir. 1997), this Court must find that the language in the Plaintiff's ticket is ambiguous since it does not state the length of the time period within which the Plaintiff had to file his claim, construe that ambiguity against the Defendant and hold that it cannot use the two-year Statute of Limitations contained in the Warsaw Convention as a defense.

WHEREFORE, the Plaintiff requests that this Honorable Court deny the Defendant's Motion to Dismiss for Failure to State a Claim and order that this case proceed.

Respectfully submitted,<br>
the Plaintiff by his attorney<br><br>
_____<br>
Michael Swartz, Esq.<br>
225 Friend Street<br>
5th Floor<br>
Boston, MA 02114<br>
(617) 523-3300<br>
BBO #: 549531

Dated: April 26, 2004