UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LEONCE DESTIN,
Plaintiff,

v.

AMERICAN AIRLINES, INC.
Defendant.

CIVIL ACTION NO. 04-10126-PBS

**MEMORANDUM AND ORDER**

May 7, 2004

Saris, U.S.D.J.

Plaintiff Leonce Destin brings this action for breach of contract, alleging he was injured on November 20, 2000 while disembarking from an international flight. Defendant American Airlines moves to dismiss this action on the ground that the action, filed on November 19, 2003, is time-barred under the Warsaw Convention. Plaintiff responds that the time-bar should not preclude this claim because his airline ticket did not provide adequate warning of the two-year limitation provision in the Warsaw Convention, and because it was an invalid contract of adhesion. After hearing, the Court **ALLOWS** Defendant's motion to dismiss.

DISCUSSION

**I. Standard for Motion to Dismiss**

For purposes of this motion, the Court takes as true "the well-pleaded facts as they appear in the complaint, extending [the] plaintiff every reasonable inference in [her] favor." Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992) (citing Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990)). A complaint should not be dismissed under Fed. R. Civ. P. 12(b)(6) unless "'it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" Roeder v. Alpha Indus., Inc., 814 F.2d 22, 25 (1st Cir. 1987) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

**II. The Warsaw Convention**

Article 17 of the Warsaw Convention governs the circumstances under which an international air carrier may be liable for injuries suffered by passengers while disembarking from an aircraft.[1] It provides:

> The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or disembarking.

[1] 49 U.S.C.A. § 40105, Art. 17 (2003).

Article 17 applies "if a passenger's injury is caused by an unexpected or unusual event or happening that is external to the passenger." Air France v. Saks, 470 U.S. 392, 405 (1985). "[R]ecovery for a personal injury suffered on board an aircraft or in the course of any of the operations of embarking or disembarking, if not allowed under the Convention, is not available at all." Langadinos v. Am. Airlines, Inc., 199 F.3d 68, 70, n.2 (1st Cir. 2000) (quoting El Al Israel Airlines, Ltd. v. Tseng, 525 U.S. 155, 161 (1999)).

Under the Warsaw Convention, an action must be brought within two years of the "date of arrival at the destination, or from the date on which the aircraft ought to have arrived, or from the date on which the transportation stopped." Art. 29(1). Destin's claim, filed just a day short of three years after his injury, is time-barred under Article 29(1).

Nonetheless, Destin makes two arguments to elude the time-bar. First, he asserts that his claim should not be barred by the Warsaw Convention's two-year time limit because his ticket did not provide adequate notice that he had only two years to bring a personal injury claim. Plaintiff received a ticket notifying the plaintiff that the Warsaw Convention applied, as required by Article 3(1)(e).[2] Nothing in the Warsaw Convention

---

[2] Article 3(1)(e) provides: "For the transportation of passengers the carrier must deliver a passenger ticket which shall contain...[a] statement that the transportation is subject to the rules relating to liability established by this

requires explicit notification of the two-year limitations provision. See Molitch v. Irish Int'l Airlines, 436 F.2d 42, 43-44 (2d Cir. 1970) (enforcing the statute of limitations in Article 29, even though "plaintiff's passenger ticket did not contain adequate notice of the applicability of the provision"); see generally Chan v. Korean Air Lines, Ltd., 490 U.S. 122, 135 (1989) (holding that an international airline did not lose the benefit of the Warsaw Convention's limitation on damages for personal injuries because it failed "to provide adequate notice of that limitation" on the passenger's tickets). Plaintiff relies on the cruise-ship line of cases to support his argument that adequate notice of a shortened statute of limitations is necessary. See, e.g., Wallis v. Princess Cruises, Inc., 306 F.3d 827 (9th Cir. 2002). However, these cases do not apply to the Warsaw Convention.

Destin next claims that the ticket he purchased from American Airlines was an invalid contract of adhesion. The doctrine of a contract of adhesion "may not be invoked to trump the clear language of the agreement unless there is a disturbing showing of unfairness, undue oppression, or unconscionability." Klos v. Lotnicze, 133 F.3d 164, 169 (2d Cir. 1997). "Factors to be considered in determining whether a contract of adhesion is

---

convention." The ticket here stated, "Carriage hereunder is subject to the rules and limitations relating to liability established by the Warsaw Convention." (Exhibit A).

unconscionable include whether the 'coerced' party was on notice of the offending provision; whether the 'coercing' party achieved agreement by fraud or overreaching; and whether any alternative existed for the 'coerced party.'" Id., citing Carnival Cruise Lines, Inc., v. Shute, 499 U.S. 585, 594-95 (1991). Destin has not alleged that any of those factors are present here. Although there is no explicit notice of the two-year limitations provision, this cut-off does not come close to meeting this high threshold of undue oppression or unconscionability.

**CONCLUSION**

The motion to dismiss is **ALLOWED**.

**S/PATTI B. SARIS**
United States District Judge